**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-6501**

———————

SAMUEL WAYNE RYLEE,

                    Plaintiff – Appellant,

          v.

UNITED STATES BUREAU OF PRISONS; Z. ROBERT VENDEL, M.D.,
U.S. Bureau of Prisons; M. L. RIVERA, Warden, FCI Estill,

                    Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Patrick Michael Duffy, District
Judge.   (8:08-cv-01643-PMD)

———————

Submitted:  September 10, 2009      Decided:  September 14, 2009

———————

Before KING, DUNCAN, and AGEE, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Samuel Wayne Rylee, Appellant Pro Se.   Beth Drake, Assistant
United States Attorney, Columbia, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Wayne Rylee, a federal inmate, appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment in favor of defendants, dismissing his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical need for cataract surgery. During the pendency of his appeal, Rylee underwent cataract surgery.

The Constitution limits the jurisdiction of federal courts to actual cases or controversies. U.S. Const. art. III, § 2; Honig v. Doe, 484 U.S. 305, 317 (1988). The controversy must be present at all stages of review. Arizonans for Official English v. Arizona, 520 U.S. 43, 66 (1997). When a case becomes moot after judgment in the district court, the appellate court has no jurisdiction to hear the appeal. Mellen v. Bunting, 327 F.3d 355, 363-64 (4th Cir. 2003). We find that Rylee's recent cataract surgery renders his complaint moot, mooting as well his appeal. Accordingly, we dismiss the appeal as moot. We also deny Rylee's motions for appointment of counsel and motion for fees and costs.

DISMISSED